**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50885
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GONZALO NICOLAS REYNA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-24-4

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gonzalo Nicolas Reyna was convicted by a jury of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029 (count one), and identity theft and aiding and abetting, in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2 (count two). The district court sentenced Reyna to two months in prison as to count one and to the statutory minimum of 24 months in prison as to count two, to be served consecutively.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reyna appeals, arguing that the district court abused its discretion when it admitted extrinsic offense evidence of Reyna's theft of a customer's checking account information, which he gave to the conspiracy's leader, and with which he attempted to make purchases. Reyna further contends that the error was not harmless.

First, the record reflects that the extrinsic offense evidence was relevant to an issue other than Reyna's character, such as intent. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)(en banc)). Although Reyna does not contest that the extrinsic offense evidence was sufficient, under a preponderance of the evidence standard, to prove that he committed the extrinsic offense, *see United States v. McCarty*, 36 F.3d 1349, 1353 (5th Cir. 1994), he does contest whether the extrinsic offense evidence was necessary to prove intent. Because Reyna put his intent at issue when he pleaded not guilty, the extrinsic offense evidence was relevant to the issue of intent. *See United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980). Furthermore, although Reyna only argues the intent issue, the extrinsic offense evidence was relevant to show motive, opportunity, plan, knowledge, and identity. *See Beechum*, 582 F.2d at 912 n.15.

Second, the record reflects that the evidence's probative value was not substantially outweighed by undue prejudice. *Id.* at 911. The testimony and evidence showed that in December 2007, Reyna stole one customer's checking account information (the extrinsic offense) and another's credit card information (the charged offense). The testimony further showed that Reyna gave this information to the leader of the conspiracy who, also in December 2007, made purchases using the information. Given the factual similarities between the offenses and the temporal proximity of the offenses, the district court did not err in determining that the probative value of the extrinsic offense evidence was not substantially outweighed by undue prejudice. *See United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997). Because both prongs of the *Beechum* test were

satisfied, the district court did not abuse its discretion in admitting the extrinsic offense evidence.

Furthermore, even if we were to find that the district court erred in admitting the extrinsic offense evidence, the error was harmless given the substantial evidence establishing Reyna's guilt as to the charged offense and the district court's limiting jury instruction. Under harmless error review, "a nonconstitutional trial error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003).

The trial testimony and evidence showed that with respect to the charged offense, Reyna stole credit card information from one of his customers, Reyna provided the information to the leader of the conspiracy, Reyna and the leader of the conspiracy attempted to make online purchases using the information, and the leader of the conspiracy did use the information to make other purchases. Thus, the evidence regarding the charged offense was substantial, and Reyna has failed to show that the extrinsic offense evidence substantially influenced the jury's verdict. *See United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008).

Moreover, any prejudice resulting from the admission of the extrinsic offense evidence was mitigated by the district court's limiting instruction, which the court issued four times, charging the jury to consider the extrinsic evidence only for the limited purpose of determining whether Reyna had the intent to commit the charged crime or whether he committed the offense by accident or mistake. *See United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000).

AFFIRMED.